UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                          Case No.: 8:13-cr-

REAL PROPERTY, INCLUDING
ANY BUILDINGS, APPURTENANCES,
AND IMPROVEMENTS THEREON,
LOCATED AT 3114 S. FLORIDA AVENUE
LAKELAND, FLORIDA 33803

    Defendant.
_____/

## **VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, United States of America, through the undersigned Assistant United States Attorney, brings this complaint and alleges upon information and belief, in accordance with Supp'l Rule G(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as follows:

## **NATURE OF THE ACTION**

1.     This is a civil action *in rem*, to forfeit to the United States of America,

> The real property located at 3114 S. Florida Avenue, Lakeland, Florida 33803, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:
>
> Lots 17 and 18, Block 1, SOUTHWOOD MANOR, according to the map or plat thereof are recorded in Plat Book 38, Page 2, of the Public Records of Polk County, Florida.

        Parcel ID's: 312824-262300-001170 and 312824-262300-001180.

(hereinafter the "Defendant Real Property").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over an action commenced by the United States by virtue of 28 U.S.C. § 1345, and over an action for forfeiture by virtue of 28 U.S.C. § 1355.

3. This Court has *in rem* jurisdiction over the Defendant Real Property pursuant to:

    a. 28 U.S.C. § 1355(b)(1)(A), because pertinent acts or omissions giving rise to the forfeiture occurred within the Middle District of Florida; and

    b. 28 U.S.C. § 1355(b)(1)(B), because venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395.

4. Venue is proper in the District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1355(b)(1) and (2), because the acts giving rise to the forfeiture of the Defendant Real Property occurred in this district and the Defendant Real Property is located in this district.

## THE DEFENDANT *IN REM*

5. As set forth in Supplemental Rule G(3)(a) and 18 U.S.C. § 985, the United States will:

    a. post notice of this action and a copy of the complaint on the Defendant Real Property;

      b.      send notice of this action to any person or entity who may claim an interest in the Defendant Real Property, along with a copy of this complaint; and

      c.      file a lis pendens of the Defendant Real Property's status in this *in rem* action.

6.      The record owner of the Defendant Real Property is John Gaglione (Sr). Gaglione (Sr) and his wife, Anita Gaglione, have entered into Forfeiture Agreements with the United States. See Forfeiture Agreements attached hereto as Exhibits A and B. Both have agreed that the Defendant Real Property was used to commit and facilitate the commission of violations of 18 U.S.C. § 2318(a) and is therefore subject to forfeiture. Exhibits A and B at ¶ 6. Additionally, both agreed that they would not contest the civil forfeiture of the Defendant Real Property and **waived their right to receive notice of the civil forfeiture action.** Id. Therefore, the United States will not be sending them notice of this civil forfeiture action.

## BASIS FOR FORFEITURE

7.      The Defendant Real Property is subject to forfeiture pursuant to 18 U.S.C. § 2323, because it was used, or intended to be used, in any manner or part to commit or facilitate the commission of a violation of 18 U.S.C. § 2318(a).

## FACTS

8.      Specific details of the facts and circumstances supporting the forfeiture of the Defendant Real Property have been provided by Department of Homeland Security Special Agent Joseph P. Durand who states:

9. In or about late 2010, John C. Gaglione, Jr. (Gaglione (Jr)), and other co-conspirators, began to make bulk purchases of counterfeit motion picture DVDs and labels from a supplier in China.

10. Jian Huang and his company, TM Wholesale, were suppliers of such counterfeit DVDs and labels used by Gaglione (Jr).

11. Huang advertised DVDs to bulk purchasers through a website for TM Wholesale. The website made it clear that Huang and TM Wholesale sold counterfeit motion picture DVDs with counterfeit packaging.

12. For example, a page titled "TM Business Philosophy" stated, in relevant part, "Keeping our customers happy is our key to success . . . [sic] We strive to make quality products, [sic] making our merchandise as close as possible to the original . . . We always use quality D9 discs, together with top quality printing and packaging materials."

13. Gaglione (Jr) purchased counterfeit motion picture DVDs from Huang's website.

14. When Gaglione (Jr) received the counterfeit items from Huang, the counterfeit motion picture DVDs were packaged separately from the counterfeit labels for the DVDs. Gaglione (Jr) would assemble many of the counterfeit motion picture DVDs and/or affix the counterfeit labels at the family business which was run from the Defendant Real Property.

15. Gaglione (Jr) sold these counterfeit motion picture DVDs through various outlets including from the Defendant Real Property (Lakeland Sports and Collectibles).

16. As part of their investigation, law enforcement made multiple purchases of counterfeit DVDs from the Gagliones.

17. On August 3, 2012, law enforcement purchased a copy of the movie "Money Ball" from Anita Gaglione at the Defendant Real Property.

18. On December 14, 2012, law enforcement officers purchased another copy of the movie "Money Ball" from Anita Gaglione at the Defendant Real Property.

19. Sony, Warner, Paramount, Fox, Disney, and Universal each own certain copyrights and trademarks in connections with their motion pictures, home videos and television productions.

20. A representative of the MPAA examined the DVDs and their packaging that were obtained during undercover buys from the Defendant Real Property and found that the DVDs were counterfeit and contained copyrighted material. The MPAA representative also opined that the seized DVDs and their packaging infringe on copyrights and trademarks.

21. Gaglione (Jr) pled guilty to one count of Trafficking in Counterfeit Labels, in violation of 18 U.S.C. § 2318(a), in *United States of America v. John C. Gaglione (JR)*, Case No. 8:13-cr-487-T-24TGW.

22. As part of his plea agreement, Gaglione (Jr) agreed to forfeiture the Defendant Real Property. Gaglione (Jr) admitted that the property was used to commit and facilitate the commission of violations of 18 U.S.C. § 2318(a).

21. Gaglione (Jr)'s parents, John Gaglione (Sr.) and Anita Gaglione, are the titled owners of the Defendant Real Property. They both admit that the property was used to commit and facilitate the commission of violations of 18 U.S.C. § 2318(a) and agreed that it is subject to forfeiture. They have also agreed that they would not contest the civil forfeiture of the Defendant Real Property and waived their right to receive notice of this civil forfeiture action. (*See* Exhibits A and B).

## **CONCLUSION**

22. As required by Supp'l Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, for the reasons set forth above, probable cause exists to believe that the Defendant Real Property was used to commit and facilitate the commission of violations of 18 U.S.C § 2318(a). Thus, the Defendant Real Property is subject to forfeiture to the United States pursuant to 18 U.S.C. 2323.

WHEREFORE, the United States requests that process, in accordance with the provisions of Supplemental Rule G, be issued against the Defendant Real Property to enforce the forfeiture and that any person or persons having an interest therein be cited and directed to appear and show cause why it should not be decreed; and that the Defendant Real Property be forfeited to the United

States for disposition according to law; and that the United States have such other and further relief as this case may require.

Dated: December 13, 2013              Respectfully Submitted,

                                                     A. LEE BENTLEY, III
                                                   Acting United States Attorney

By: _____
     JAMES A. MUENCH
     Assistant United States Attorney
     Florida Bar Number 472867
     400 North Tampa Street, Suite 3200
     Tampa, Florida  33602
     (813) 274-6000 – telephone
     (813) 274-6220 – facsimile
     E-mail: james.muench2@usdoj.gov

## **VERIFICATION**

I, Joseph P. Durand, hereby verify and declare under penalty of perjury, that I am a Special Agent with the Department of Homeland Security and pursuant to 28 U.S.C. ' 1746, that I have read the foregoing Verified Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of December, 2013.

S/A *[signature]*
Special Agent Joseph P. Durand

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:13-CR-

JOHN C. GAGLIONE (JR)

## JOHN GAGLIONE (SR) FORFEITURE AGREEMENT

WHEREAS, John Gaglione (Sr.) and the United States of America agree to the forfeiture of the following assets to the United States of America, and hereby stipulate and agree as follows:

1. The property that is the subject of this forfeiture agreement is:

    (a) the approximately 7,192 and nine boxes of counterfeit motion picture DVDs with counterfeit labels affixed, and all of the counterfeit labels, seized on March 28, 2013;

    (b) the approximately 4200 unaffixed counterfeit labels seized on March 28, 2013;

    (c) the approximately $15,276 in cash seized on March 28, 2013;

    (d) the approximately $122,814.81 in counterfeit proceeds seized from MidFlorida Credit Union Account Number 314520 (previously Account Number 263179804) on March 28, 2013;

    (e) the approximately $21,350.25 in counterfeit proceeds seized from JP Morgan Chase Bank Account Number 2926964277 on March 28, 2013;

    (f) the approximately $17,523.73 seized from Community Southern Bank Account Number 10000942 on March 28, 2013;

    (g) the approximately $4,937.31 in counterfeit proceeds seized from Branch Banking & Trust Account Number 1100000610427 on April 18, 2013; and,

    (f) the real property located at 3114 S FLORIDA AVE., LAKELAND, FL 33803, legal description: SOUTHWOOD MANOR PB, 38 PG 2 BLK 1

EXHIBIT A

LOT 18.

2. John Gaglione (Sr.) agrees that he is one of the titled owners of three of the accounts more fully described above. Further, John Gaglione (Sr.) agrees that he has no interest in the approximately $122,814.81 in counterfeit proceeds seized from MidFlorida Credit Union Account Number 314520 (previously Account Number 263179804) on March 28, 2013. The funds seized from the four above accounts and the approximately $15,276 in cash seized on March 28, 2013 are proceeds obtained from John Gaglione (Jr.)'s violations of 18 U.S.C. § 2318(a). Accordingly, the above-referenced assets are subject to forfeiture pursuant to 18 U.S.C. § 2323.

3. John Gaglione (Sr.) agrees that he is not a bona fide purchaser for value of the funds seized from the four above accounts or the approximately $15,276 in cash seized on March 28, 2013 because he gave no consideration for any legal interest he may have in those assets.

4. John Gaglione (Sr.) agrees that the United States is authorized to complete the criminal forfeiture of the above-referenced assets as part of any prosecution brought against John Gaglione (Jr.). He agrees not to contest any such criminal forfeiture of the assets. In addition, he waives his right to receive notice of the criminal forfeiture of the above-referenced assets and authorizes the United States to rely upon this agreement as his consent to the forfeiture of the assets.

5. John Gaglione (Sr.) agrees that the real property located at 3114 S FLORIDA AVE., LAKELAND, FL 33803, legal description: SOUTHWOOD MANOR PB, 38 PG 2 BLK 1 LOT 18, was used by John Gaglione (Jr.) to commit and facilitate the commission of violations of 18 U.S.C. § 2318(a). Accordingly, the real property is subject to forfeiture pursuant to 18 U.S.C. § 2323. John Gaglione (Sr.) agrees that the United States is authorized to forfeit the real property in a civil action and agrees not to contest any such civil forfeiture of the real property. In addition, he waives his right to receive notice of the civil forfeiture of the real property and authorizes the United States to rely upon this agreement as his consent to the forfeiture of the real property.

6. John Gaglione (Sr.) agrees unconditionally to release, hold harmless, acquit, and discharge the United States of America, the Department of Homeland Security and any state or local law enforcement agencies, their successors, assignees, agents, and employees from any and all claims, demands, causes of actions or suits, agreements, deposited sums, judgments, damages, losses of services, expenses of whatever kind and description, and wheresoever situated, that might exist by reason of or arising out of the seizure and/or forfeiture of the above-described assets.

7. John Gaglione (Sr.) waives any and all claims or rights that he, has or may have pursuant to 28 U.S.C. § 2412 (the Equal Access to Justice Act) for attorneys' fees or other costs involving the above-referenced assets, arising out of any forfeiture action, including the making of this agreement and the forfeiture detailed herein.

Owner - John   Gaglione (Sr.)

I have read foregoing stipulation and agreement. I have carefully reviewed each and every part of the stipulation and agreement. I fully understand them and I voluntarily agree to them.

10/4/13
DATE

*[signature]*
John   Gaglione (Sr.)

COUNTY OF  Polk
STATE OF Florida

The foregoing instrument was executed before me this 4th day of October, 2013 by John   Gaglione (Sr.).

*[signature: Cassie Aviles]*
SEAL

Notary Public State of Florida
Cassie Aviles
My Commission DD933085
Expires 11/03/2013

_____
Type, Print or Stamp Name of Notary

Personally known _____   OR
Produced Identification ✓
Type of Identification Produced FL DL G245-460-33-052

United States of America

October 10, 2013
DATE

By: *[signature]*

A. Lee Bentley
Acting United States Attorney

MARK E. BINI
Assistant United States Attorney
AUSA No. 130
400 N. Tampa Street
Tampa, Florida 33602
Telephone:  813-274-6000
Facsimile:   813-274-6178
E-mail:  Mark.Bini@usdoj.gov

John C. Gaglione (Sr.)  Agreement - Page 3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:13-CR-

JOHN C. GAGLIONE (JR)

## ANITA GAGLIONE FORFEITURE AGREEMENT

WHEREAS, Anita Gaglione and the United States of America agree to the forfeiture of the following assets to the United States of America, and hereby stipulate and agree as follows:

1. The property that is the subject of this forfeiture agreement is:

    (a) the approximately 7,192 and nine boxes of counterfeit motion picture DVDs with counterfeit labels affixed, and all of the counterfeit labels, seized on March 28, 2013;

    (b) the approximately 4200 unaffixed counterfeit labels seized on March 28, 2013;

    (c) the approximately $15,276 in cash seized on March 28, 2013;

    (d) the approximately $122,814.81 in counterfeit proceeds seized from MidFlorida Credit Union Account Number 314520 (previously Account Number 263179804) on March 28, 2013;

    (e) the approximately $21,350.25 in counterfeit proceeds seized from JP Morgan Chase Bank Account Number 2926964277 on March 28, 2013;

    (f) the approximately $17,523.73 seized from Community Southern Bank Account Number 10000942 on March 28, 2013;

    (g) the approximately $4,937.31 in counterfeit proceeds seized from Branch Banking & Trust Account Number 1100000610427 on April 18, 2013; and,

    (f) the real property located at 3114 S FLORIDA AVE., LAKELAND, FL 33803, legal description: SOUTHWOOD MANOR PB, 38 PG 2 BLK 1

EXHIBIT B

LOT 18.

2. Anita Gaglione agrees that she is one of the titled owners of three of the accounts more fully described above. Further, Anita Gaglione agrees that she has no interest in the approximately $122,814.81 in counterfeit proceeds seized from MidFlorida Credit Union Account Number 314520 (previously Account Number 263179804) on March 28, 2013. The funds seized from the four above accounts and the approximately $15,276 in cash seized on March 28, 2013 are proceeds obtained from John C. Gaglione (Jr.)'s violations of 18 U.S.C. § 2318(a). Accordingly, the above-referenced assets are subject to forfeiture pursuant to 18 U.S.C. § 2323.

3. Anita Gaglione agrees that she is not a bona fide purchaser for value of the funds seized from the four above accounts or the approximately $15,276 in cash seized on March 28, 2013 because she gave no consideration for any legal interest she may have in those assets.

4. Anita Gaglione agrees that the United States is authorized to complete the criminal forfeiture of the above-referenced assets as part of any prosecution brought against John C. Gaglione (Jr.). She agrees not to contest any such criminal forfeiture of the assets. In addition, she waives her right to receive notice of the criminal forfeiture of the above-referenced assets and authorizes the United States to rely upon this agreement as her consent to the forfeiture of the assets.

5. Anita Gaglione agrees unconditionally to release, hold harmless, acquit, and discharge the United States of America, the Department of Homeland Security and any state or local law enforcement agencies, their successors, assignees, agents, and employees from any and all claims, demands, causes of actions or suits, agreements, deposited sums, judgments, damages, losses of services, expenses of whatever kind and description, and wheresoever situated, that might exist by reason of or arising out of the seizure and/or forfeiture of the above-described assets.

6. Anita Gaglione agrees that the real property located at 3114 S FLORIDA AVE., LAKELAND, FL 33803, legal description: SOUTHWOOD MANOR PB, 38 PG 2 BLK 1 LOT 18, was used by John C. Gaglione (Jr.) to commit and facilitate the commission of violations of 18 U.S.C. § 2318(a). Accordingly, the real property is subject to forfeiture pursuant to 18 U.S.C. § 2323. Anita Gaglione agrees that the United States is authorized to forfeit the real property in a civil action and agrees not to contest any such civil forfeiture of the real property. In addition, she waives her right to receive notice of the civil forfeiture of the real property and authorizes the United States to rely upon this agreement as her consent to the forfeiture of the real property.

6. Anita Gaglione waives any and all claims or rights that she, has or may have pursuant to 28 U.S.C. § 2412 (the Equal Access to Justice Act) for attorneys' fees or other costs involving the above-referenced assets, arising out of any forfeiture action, including the making of this agreement and the forfeiture detailed herein.

Owner - Anita Gaglione

I have read foregoing stipulation and agreement. I have carefully reviewed each and every part of the stipulation and agreement. I fully understand them and I voluntarily agree to them.

10/4/13
DATE

*Anita Gaglione* (signed)
Anita Gaglione

COUNTY OF **Polk**
STATE OF Florida

The foregoing instrument was executed before me this **4th** day of **October**, 2013 by Anita Gaglione.

*Cassie Aviles* (signed)
SEAL

Notary Public State of Florida
Cassie Aviles
My Commission DD933085
Expires 11/03/2013

Type, Print or Stamp Name of Notary

Personally known _____ OR
Produced Identification __✓__
Type of Identification Produced **FL DL G245-007-42-838-0**

United States of America

**October 10, 2013**
DATE

By: *(signed)*

A. Lee Bentley
Acting United States Attorney

MARK E. BINI
Assistant United States Attorney
AUSA No. 130
400 N. Tampa Street
Tampa, Florida 33602
Telephone: 813-274-6000
Facsimile: 813-274-6178
E-mail: Mark.Bini@usdoj.gov

Anita Gaglione   Agreement - Page 3